UNITED STATES DISTRICT COURT

DISTRICT OF SOUTH DAKOTA

SOUTHERN DIVISION

**FILED**
MAR 3 0 2007
[signature] CLERK

* * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * *

| | |
|---|---|
| JOHN UNRUH II; NATHANIEL UNRUH; and AMY MILLER, individually and as Personal Representatives of the Estate of JOHN HAROLD UNRUH, deceased; and MOLLIE EICHMAN, individually,<br><br>Plaintiffs,<br><br>vs.<br><br>DAVISON COUNTY, SOUTH DAKOTA; HUTCHINSON COUNTY, SOUTH DAKOTA; DAVID MILES, individually and in his capacity as the Davison County Sheriff; DON RADEL, individually and in his capacity as Administrator of the Davison County Jail; CONNIE IRELAND, individually and in her capacity as a Davison County employee; GLEN ELLERTON, individually and in his capacity as a Davison County employee; JEFF MINER, individually and in his capacity as a Davison County employee; JERRY MCNARY, individually and in his capacity as a Davison County employee; CINDY VOYLES, individually and in her capacity as a Davison County employee; ROGER ERICKSON, individually and in his capacity as a Davison County employee; GINGER FAAS, individually and in her capacity as a Davison County employee; LINDA ALDRICH, individually and in her capacity as a Davison County employee; TOM KULM, individually and in his capacity as a Davison County employee; CAROL RADEL, individually and in her capacity as a Davison County employee; and OTHER UNKNOWN PERSONS, individually | CIV. 06-4052<br><br>MEMORANDUM OPINION AND ORDER CERTIFYING QUESTION TO THE SOUTH DAKOTA SUPREME COURT |

| | |
|---|---|
| and in their capacity as employees of Hutchinson and Davison Counties, South Dakota, | *<br>*<br>*<br>* |
| Defendants. | *<br>* |

* * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * *

Defendant Hutchinson County, South Dakota filed a Motion for Judgment on the Pleadings, Doc. 23. Plaintiffs responded by filing a Motion to Convert Defendant's Motion for Judgment on the Pleadings to a Motion for Summary Judgment, Doc. 26. Plaintiffs filed a Motion to Refuse Application for Judgment or For a Continuance, Doc. 27, requesting that if Plaintiffs' motion to convert is granted, the Court deny summary judgment or grant a continuance pursuant to Fed.R.Civ.P. 56(f) to allow the parties to conduct adequate discovery before ruling on the summary judgment motion. Plaintiffs also filed a Motion to Certify Immunity Defenses Under SDCL 3-21-8 and 3-21-9, Doc. 28. For the reasons set forth below, the Court will grant Hutchinson County's Motion for Judgment on the Pleadings as to Count One of Plaintiffs' Complaint and will deny it in all other respects. As the Court excluded the matters outside the pleadings submitted by the parties in deciding the motion under Rule 12(c), the motion will not be converted to a summary judgment motion. The Court will certify a question to the South Dakota Supreme Court regarding the Defendants' claim of immunity, pursuant to SDCL §§ 3-21-8 and 3-21-9, from Plaintiffs' state-law claims.

## BACKGROUND

The following facts are stated in the light most favorable to Plaintiffs. Plaintiffs John Unruh II, Nathaniel Unruh, Amy Miller and Molly Eichman ("Plaintiffs") bring this action under 42 U.S.C. § 1983 and state law claiming the Defendants are liable for suffering endured by and the death of Plaintiffs' father, John Unruh ("Unruh"). On the evening of June 27, 2004, a Hutchinson County Deputy arrested Unruh for third offense driving under the influence. Hutchinson County Deputy Sheriff Jack Fitzler took custody of Unruh for purposes of transporting him to jail. Deputy Fitzler was aware that Unruh had several medical problems for which Unruh was dependent on medication.

2

Unruh had an extremely high blood alcohol content at the time of his arrest, of which Deputy Fitzler was aware. While en route to the jail, Fitzler stopped at Unruh's residence to secure the premises and get Unruh's medications. Unruh's medications could not be immediately located and based on Unruh's expectation to be bonded out of jail the next morning, his medications were not taken with him to jail. Unruh and Deputy Fitzler left the door to Unruh's house unlocked for law enforcement to return and obtain Unruh's medications if needed. Deputy Fitzler then transported Unruh to the Davison County Jail in Mitchell, South Dakota. Hutchinson County contracts with Davison County to provide jail facilities for Hutchinson County.

When he left Unruh at the Davison County Jail, Deputy Fitzler told the jailers of Unruh's health conditions and the necessity for him to take medication and told the booking officer to call Hutchinson County if Unruh's medications were needed. At 12:31 a.m. on June 28, 2004, Unruh's blood alcohol content was .356 and remained in excess of the legal limit at 10:45 a.m. Unruh was experiencing delirium tremens after being incarcerated at the Davison County Jail. His condition continued to deteriorate over the next several hours. At one time, a Davison County employee called Hutchinson County to request Unruh's medications, but the medications were not brought to the jail and no follow-up calls were made to secure Unruh's medications. Although Unruh was sweating profusely, hallucinating, shaking, vomiting, and becoming disoriented, incoherent and anxious, Davison County Jail officials did not seek medical assistance for Unruh until 8:40 p.m. on June 29, 2004. Medical assistance was not immediately provided and Unruh died from a myocardial infarction of the anterior left ventricle.

Plaintiffs allege that failure to provide Unruh medication was one of the causes of his death. Liability is also claimed based upon a time lapse before seeking medical assistance and before anyone administered CPR when Unruh collapsed and became unresponsive. Plaintiffs further allege Unruh's untreated delirium tremens and dehydration contributed to his deterioration and ultimate death.

3

## DISCUSSION

In considering a motion for judgment on the pleadings pursuant to Rule 12(c), the Court accepts as true all facts pleaded by the non-moving party and grants all reasonable inferences from the pleadings in favor of the non-moving party. *See Syverson v. FirePond, Inc.*, 383 F.3d 745, 749 (8th Cir. 2004). "Judgment on the pleadings is appropriate where no material issue of fact remains to be resolved and the movant is entitled to judgment as a matter of law." *Id.*

### I.  Section 1983 Claims Against Hutchinson County

Defendant Hutchinson County contends it is entitled to judgment on the pleadings because Plaintiffs have not alleged that a County policy or custom, either official or unofficial, was the moving force behind a constitutional violation. While the Complaint alleges several Davison County policies were not followed by the Defendants, there is no reference in the Complaint to any unconstitutional policy or custom of Hutchinson County. Under § 1983, a county "may not be held vicariously liable for the unconstitutional acts of employees." *Mettler v. Whitledge*, 165 F.3d 1197, 1204 (8th Cir. 1999). A county may be held liable, however, "for the unconstitutional acts of its officials or employees when those acts implement or execute an unconstitutional municipal policy or custom." *Id.* To hold Hutchinson County liable, Plaintiffs "must prove that a [county] policy or custom was the 'moving force [behind] the constitutional violation.'" *Id.* (quoting *Monell v. Dep't of Social Serv. of City of New York*, 436 U.S. 658, 694 (1978)).

In their brief in response to Hutchinson County's motion, Plaintiffs do not dispute Hutchinson County's argument regarding the lack of allegations concerning a county policy or custom. Given the lack of any reference to an unconstitutional Hutchinson County policy or custom in this case, the Court finds there is no material issue of fact remaining to be resolved regarding Hutchinson County's liability under 42 U.S.C. § 1983. Thus, Defendant Hutchinson County is entitled to judgment on the pleadings as to Count One of the Complaint.

## II.   Section 1983 Claims Against Deputy Fitzler

Deputy Fitzler is not named in the caption of the Complaint, but there are repeated allegations to actions and omissions of Deputy Fitzler in the Complaint. Although an Affidavit of Deputy Fitzler was submitted in support of the motion for judgment on the pleadings, the Court will not consider it in ruling on the pending motions.

Unruh was a pretrial detainee. Although a pretrial detainee's claims regarding inadequate medical care are analyzed under the Fourtenth Amendment's Due Process Clause, the Eighth Circuit explained that it "repeatedly [has] applied the same 'deliberate indifference' standard [to pretrial detainee's claims] as is applied to Eighth Amendment claims made by convicted inmates." *Vaughn v. Greene County*, 438 F.3d 845, 850 (8th Cir. 2006). The Eighth Amendment prohibits the infliction of cruel and unusual punishment. A prisoner's allegation of inadequate medical attention was recognized as a potentially viable claim for a violation of the prohibition against cruel and unusual punishment, via a § 1983 cause of action, in *Estelle v. Gamble*, 429 U.S. 97 (1976). To state a cause of action, the prisoner must sufficiently allege "deliberate indifference" to a prisoner's "serious illness or injury." *Id.* at 105. To prevail on a claim of deliberate indifference, a plaintiff must prove: (1) he suffered objectively serious medical needs and; (2) the prison officials actually knew of but deliberately disregarded those needs. *See Coleman v. Rahija*, 114 F.3d 778, 784 (8th Cir. 1997).

In the Complaint, Plaintiffs clearly allege that Deputy Fitzler was aware of Unruh's serious medical condition and was aware of Unruh's dependence on his medication to treat his medical ailments. Although Deputy Fitzler stopped by Unruh's house before taking him to the Davison County Jail, Fitzler did not take any of Unruh's medications to the jail with Unruh. Plaintiffs further allege that failure to provide Unruh's medications to him was one of the causes of his death. Accepting Plaintiffs' allegations as true and taking all reasonable inferences in favor of Plaintiffs, there are material issues of fact remaining and Defendants are not entitled to judgment as a matter of law on Plaintiffs' § 1983 claims against Deputy Fitzler.

The Court notes that Deputy Fitzler is not specifically named as a Defendant in the caption and he was not served in this action. Although it is possible Plaintiffs consider Deputy Fitzler as one of the "other unknown persons" listed in the Complaint as an employee of Hutchinson County, Deputy Fitzler is clearly known to Plaintiffs. Thus, the Court will give Plaintiffs an opportunity to move to join Deputy Fitzler as a defendant in this action and to effect service upon him.

## II.   Claims against "unknown" Hutchinson County employees

Defendant Hutchinson County contends that the claims against "other unknown persons" in their individual and official capacities as employees of Hutchinson County should be dismissed. The parties have not completed discovery in this action and the Court has not yet set a deadline to move to join additional parties and to amend the pleadings. Thus, Plaintiffs will have the opportunity to identify the unknown persons through discovery and move to join them as parties to this action.

## III.   State-law Claims against Hutchinson County

Hutchinson County contends that it is immune from Plaintiffs' state-law claims pursuant to SDCL §§ 3-21-8 and 3-21-9, which provide, in pertinent part:

> **3-21-8. No liability for failure to provide correctional facilities or equipment, services, etc., therein**
> No person, political subdivision, or the state is liable for failure to provide a prison, jail, or penal or correctional facility, or if such facility is provided for failure to provide sufficient equipment, personnel, programs, facilities, or services in a prison or other correctional facility.
>
> **3-21-9. No liability for parole or release of prisoner or revocation thereof or for certain other matters**
> No person, political subdivision, or the state is liable for ... any injury caused by or resulting from:
> ...
> (5) Services or programs administered by or on behalf of the prison, jail, or correctional facility.

SDCL § 3-21-8 and 3-21-9.

6

Plaintiffs ask this Court to certify a question to the South Dakota Supreme Court: "Do SDCL 3-21-8 and 3-21-9 provide immunity to any or all of the Defendants?" (Doc. 28.) Although Defendants contend Plaintiffs waived this argument by failing to submit a brief in support of the motion, the argument in favor of Plaintiffs' motion is set forth in their brief in opposition to Defendants' motion. (Doc. 29.)

Hutchinson County recognizes that the South Dakota Supreme Court has not yet decided whether the statutory immunity set forth in SDCL §§ 3-21-8 and 3-21-9 is waived to the extent a public entity purchases liability insurance. But it points to the Eighth Circuit's decision in *Webb v. Lawrence County*, 144 F.3d 1131 (8th Cir. 1998), as persuasive and well-reasoned authority on the issue Plaintiffs seek to certify. Defendants Davison County and Davison County employees ("Davison County Defendants") argue that the South Dakota Supreme Court has reviewed these two statutes and held they are constitutional. *See Hancock v. Western S.D. Juvenile Serv. Ctr.*, 647 N.W.2d 722 (S.D. 2002). The Davison County Defendants further contend that the *Hancock* court noted the importance of statutory immunity in protecting the public decision-making process.

Davison County Defendants' citation to *Hancock*, 647 N.W.2d at 725 is inapposite. Although the South Dakota Supreme Court recognized the undisputed importance of immunity "to protect the public decision-making process," *id.*, the court did not address the question of whether a county could waive such immunity, to the extent of the coverage, by purchasing liability insurance or participating in a risk-sharing pool.

In *Webb*, the Eighth Circuit Court of Appeals held that the county operating the jail waived sovereign immunity under SDCL § 21-32A-1, which provides: "[t]o the extent that any public entity ... purchases liability insurance and to the extent coverage is afforded thereunder, the public entity shall be deemed to have waived the common law doctrine of sovereign immunity and shall be deemed to have consented to suit in the same manner that any other party may be sued." *See Webb*, 144 F.3d at 1139. Despite this waiver of sovereign immunity under SDCL § 21-32A-1, the *Webb*

court held that a different statute, SDCL § 3-21-9 barred the action, because it was a distinct grant of "statutory immunity," which "provided defendants with a complete defense to [plaintiff's] state negligence claim." 144 F.3d at 1136, 1139-40. The Defendants in this action claim that the same statute, i.e. SDCL § 3-21-9, in combination with SDCL § 3-21-8, bars Plaintiffs' state-law claims. The South Dakota Supreme Court, however, has not decided the issue of whether a county is entitled to immunity from state-law tort claims under SDCL §§ 3-21-8 or 3-21-9, despite its purchase of liability insurance and resulting waiver of immunity under SDCL § 21-32A-1.

The Eighth Circuit predicted that the South Dakota Supreme Court would not find the application of statutory immunity under SDCL § 3-21-9 in *Webb*, is inconsistent with the South Dakota Supreme Court's decision in *Brown v. Egan Consol. Schl. Dist. No. 50-2*, 449 N.W.2d 259 (S.D. 1989). 144 F.3d at 1139-40. The school district argued in *Brown* that SDCL § 13-29-1[1] created an independent statutory basis for sovereign immunity that was not waived by SDCL § 21-32A-1. The *Brown* court found, however, that the claim against the school district did not fall under the immunity granted by SDCL § 13-29-1. 449 N.W.2d at 261. Thus, the *Brown* court did not answer the question of whether a grant of statutory immunity under SDCL § 13-29-1 would bar the plaintiff's claim despite the school district's waiver of immunity under SDCL § 21-32A-1 by purchasing liability insurance.

The issue posed by Plaintiffs in this case, and addressed by the Eighth Circuit in *Webb*, was subsequently addressed by a South Dakota circuit court, but the South Dakota Supreme Court did

---

[1] At the time of the *Brown* decision, SDCL § 13-29-1, provided in pertinent part:

> The school board of any school district may acquire, own, operate, or hire buses for the transportation of students to and from its schools either from within or without the district or for transportation to and from athletic, musical, speech, and other interscholastic contests in which participation is authorized by the school board. If the use of a school bus is granted by the school board pursuant to subdivision (1) or (8) of § 49-28-2, the school district is not liable for suit or damages which may arise as a result of the use.

See *Brown*, 449 N.W.2d at 261 (quoting SDCL § 13-29-1).

8

not reach the issue because it found that SDCL § 3-21-9 was not applicable to the fact situation before the Court. *See Hall v. City of Watertown*, 636 N.W.2d 686, 688 (S.D. 2001). The circuit court found that the municipal defendants had immunity under SDCL § 3-21-9, but ruled that immunity was waived under SDCL § 21-32A-1 to the extent that the City participated in a risk-sharing pool. *Hall*, 636 N.W.2d at 688. Thus, a South Dakota circuit court ruled the opposite from the Eighth Circuit's prediction in *Webb*, 144 F.3d at 1139-40.

The Court may certify a question of law to the South Dakota Supreme Court, "if there are questions of law of [the State of South Dakota] involved in any proceeding before the certifying court which may be determinative of the cause pending in the certifying court and it appears to the certifying court and to the Supreme Court that there is no controlling precedent in the decisions of the Supreme Court of this state." SDCL § 15-24A-1. The Court finds the issue is a question of law. The answer to the question will be determinative of whether the Defendants are entitled to dismissal of Plaintiffs' state-law claims. In addition, it appears to this Court that there is no controlling precedent in the decisions of the South Dakota Supreme Court. This is an important question of state law that affects every county government or other public entity to the extent they are operating a jail and participating in a risk-sharing pool or purchasing liability insurance. Accordingly,

IT IS ORDERED:

1. That Defendant Hutchinson County's Motion for Judgment on the Pleadings, Doc. 23, is granted to the extent that Defendant Hutchinson County is entitled to judgment on the pleadings as to Count One of the Complaint, and the motion is denied in all other respects.

2. That Plaintiffs' Motion to Convert Defendants' Motion for Judgment on the Pleadings to Motion for Summary Judgment, Doc. 26, is denied.

3. That Plaintiffs' Motion to Refuse Application for Judgment or for a Continuance, Doc. 27, is denied.

4. That Plaintiffs' Motion to Certify Immunity Defenses, Doc. 28, is granted to the extent that, pursuant to SDCL § 15-24A-1, the Court will certify the

following question to the South Dakota Supreme Court: Does a county's purchase of liability insurance or participation in a risk sharing pool, pursuant to SDCL § 21-32A-1, waive the county's and its employees' immunity granted by SDCL §§ 3-21-8 and 3-21-9 to the extent of such insurance or participation in a risk-sharing pool?

5. That the Clerk of Court shall forward this certification order under official seal to the South Dakota Supreme Court, pursuant to SDCL § 15-24A-5.

Dated this 30th day of March, 2007.

BY THE COURT:

*/s/ Lawrence L. Piersol*
Lawrence L. Piersol
United States District Judge

ATTEST:
JOSEPH HAAS, CLERK
By: *Kelly Margulies*, Deputy
(SEAL)